PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL F. NAPADOW, | ) | |
| | ) | CASE NO. 4:14cv729 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| J. COAKLEY, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF No. 1] |

Before the Court is *pro se* plaintiff Michael F. Napadow's above-captioned civil action pursuant to 42 U.S.C. § 1983. Plaintiff, who was incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton) when he filed this action,[1] names the following F.C.I. Elkton employees as defendants: Warden J. Coakley, Assistant Warden Mr. Story, Unit Manager D. Wilcome, Case Manager A. Newland and Counselor D. Quinn. Plaintiff seeks an order directing the Bureau of Prisons (BOP) to provide him housing and monetary support for ninety days after he is released from his prison term. For the reasons set forth below, this action is dismissed.

**I. Background**

Plaintiff's allegations are brief. He alleges the BOP plans to provide him a Greyhound bus ticket to Fort Myers, Florida when his prison term ends. In addition to the ticket, Plaintiff

---

[1] Plaintiff notified the Court of his release in May 2014 and two subsequent changes of address since he filed this action. ECF Nos. 2; 3.

(4:14cv729)

claims the BOP will give him $30.00 for meals and $25.00 for taxi fare. Plaintiff complains he has no family or friends in the area. Moreover, all of his relatives are allegedly in or around the Chicago, Illinois area. He states the BOP has not assigned him to any halfway house.

The complaint form indicates Plaintiff filed an Informal Resolution Request and Request for Administrative Remedy with the prison, both of which were denied. There are no copies of these determinations included with the complaint and plaintiff provides no explanation for the defendants' decision. Plaintiff does state he appealed to the Regional Office of the BOP, but had not received a response before he filed this action.

## II. Standard of Review

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity as soon as possible after docketing if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief.[2] 28 U.S.C. §

---

[2]The relevant statute provides:

> **(a) Screening**.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted

28 U.S.C. §1915A(b)(1).

(4:14cv729)

1915A; *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

While a district court should liberally construe a *pro se* plaintiff's complaint, *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988), such generous construction is not without limits. District courts are not required to create causes of action for *pro se* litigants. *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 215 (6th Cir. 2000). "To do so would 'requir[e the] courts to explore exhaustively all potential claims of a pro se plaintiff . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Id.* (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Furthermore, legal conclusions alone are not sufficient to present a valid claim, and the Court is not required to accept "unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see also Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) ("A pleading will not be sufficient to state a cause of action under the Civil Rights Act if its allegations are but conclusions.").

### III. Analysis

The Court construes Plaintiff's Complaint, alleging that he suffered an injury caused by federal employees, as stating a *Bivens* claim. *See Bivens v. Six Unknown Named Agents of Fed.*

(4:14cv729)

*Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[3]  Complaints asserting a *Bivens* cause of action are subject to the same pleading requirements applied to claims under 42 U.S.C. § 1983.  *See Nuclear Transp. & Storage v. United States*, 890 F.2d 1348, 1355 (6th Cir.1989).

To prevail in a civil rights action under §1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 alone creates no substantive rights; rather, it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws.  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  The statute applies only if there is a deprivation of a constitutional right.  *See e.g.*, *id.* at 146–47; *Paul v. Davis*, 424 U.S. 693, 699–701(1976).  Thus, "[t]he first inquiry in any § 1983 suit . . . is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws'" of the United States.  *Baker*, 443 U.S. at 140.

Plaintiff does not assert the defendants violated any right secured by the Constitution. Although *prisoners* are dependent on the State or Federal government for food, clothing, and necessary medical care, Plaintiff has failed to identify the defendants' constitutional obligation to meet his needs after release from prison.  Without establishing the violation of a constitutional right, Plaintiff cannot advance a *Bivens* action.

Accordingly, Plaintiff's *Bivens* claim against Defendants J. Coakley, Mr. Story, D. Wilcome, A. Newland, and D. Quinn is hereby dismissed pursuant to 28 U.S.C. § 1915A.

---

[3]Under the *Bivens* doctrine, the Supreme Court held that a plaintiff may allege a claim based on an injury of his constitutional rights by a federal employee. *See Bivens*, 403 U.S. at 397.

(4:14cv729)

## IV. Conclusion

Plaintiff's claim against Defendants J. Coakley, Mr. Story, D. Wilcome, A. Newland, and D. Quinn is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

| | |
|---|---|
| September 30, 2014 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[4] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."